IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GARRETT LEON GAINES, #173 280       *

    Plaintiff,       *

          v.       *       2:04-CV-763-MHT
                                      (WO)

GWENDOLYN MOSLEY, *et al.*,       *

    Defendants.       *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

    Garrett Gaines ["Gaines"], an Alabama prisoner incarcerated at the Easterling Correctional Facility, filed this *pro se* 42 U.S.C. § 1983 action alleging a violation of his constitutional right to be free from  excessive force.  Gaines seeks monetary damages, injunctive relief, and any other additional relief to which he is entitled against defendants Warden Gwendolyn Mosley, Kenneth Jones, Phelix Woods, and Frederick Jones.[1]

    In response to the orders of the court, Defendants filed a special report and supporting evidentiary material in response to the allegations contained in the complaint. The court then

---

[1]Plaintiff also originally named Matthew Jordan as a defendant  claiming that this correctional officer subjected him to excessive force.  On February 10, 2005 Gaines filed a motion to dismiss Officer Jordan as a defendant.  (Doc. No. 60)  On March 21, 2005 the court entered an order granting the motion and dismissing Officer Jordan as a party to this complaint.  (*See* Doc. Nos. 61, 62.)

    The court also notes that in the answer filed by Defendants on October 12, 2004 (Doc. No. 30), counsel refers to "Defendant Peavy" and states that this officer did not subject Gaines to excessive force when he pulled Gaines off inmate Boykin on July 18, 2004.  A review of the complaint, as amended, reflects that Officer Peavy was not named as a defendant and this officer, therefore, is not considered a party to this action.

informed Gaines that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Gaines the proper manner in which to respond to a motion for summary judgment. Gaines filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of such motion, the evidentiary materials filed in support thereof, and Gaines' opposition to this motion, the court concludes that Defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. BACKGROUND

On July 18, 2004 Gaines engaged in an altercation with another inmate known to him as "Greg." After a correctional officer pulled the two inmates apart, Gaines was placed back in his cell. Because of the altercation, several correctional officers responded to the location where the incident occurred, including Defendants Frederick Jones and Phelix Woods. Defendant Jones went to Gaines' cell and directed him to "stick [his] hands out" in order to be handcuffed. Gaines complied with the order. As Gaines exited his cell, Defendant Jones grabbed him by the arm and told him he needed to have his ass beat. (Doc. Nos. 1, 11.)

Gaines was escorted to the lobby area where Defendant Woods questioned him about the altercation with inmate Greg. Defendant Woods then directed Officer Jordan to escort Gaines to the infirmary for a body chart. During the escort Gaines asserts that Officer Jordan

punched him in the face.  As a result, other officers responded to the scene.  Gaines states that

he walked towards them and then laid down on the ground while still in handcuffs.  As he lay

prone on the ground, Gaines alleges that correctional officers placed their knees in his back

while Defendant Frederick Jones struck him with his fists.  Defendant Woods told Defendant

Jones to stop hitting Gaines and when he failed to stop, Defendant Woods grabbed

Defendant Jones and pulled him away from Gaines.  At this time Defendant Jones dug at

Gaines' right eye with his fingers and tried to choke him.  At the infirmary, Gaines states that

his body chart reflected two lumps on the side of his head where Officer Jordan struck him

and scratches around his right eye as a result of Defendant Jones' conduct.  Gaines alleges

that the injuries he received on July 18, 2004 caused him to experience severe migraine

headaches  (Doc. Nos. 1, 11.)

Gaines maintains that Defendants fabricated information about the July 18, 2004

incident in order to justify the conduct of the correctional officers who assaulted him.

Gaines further argues that Defendants Mosley, Kenneth Jones, and Woods failed to properly

train and supervise their subordinates.  (Doc. Nos. 1, 11.)

The undisputed evidence before the court reflects that Gaines engaged in a physical

altercation with inmate Gregory Boykins on July 18, 2004 at approximately 9:48 p.m.  After

the two inmates were separated by Officer Peavy, Defendant Woods directed Officer Jordan

to escort Gaines to the infirmary for a body chart. As Officer Jordan was escorting Gaines

to the infirmary, Officer Peavy looked out of the segregation Office window and observed Officer Jordan attempting to place Gaines on the ground.  Officer Jordan states that he took such action after Gaines became verbally abusive, kicked him on the knee, refused orders to lie on the ground, and charged at him with his head down.  Officer Peavy and Defendant Frederick Jones responded to Officer Jordan's location at approximately 9:58 p.m. Each correctional officer grasped one of Gaines' shoulders and then placed him face down on the ground.  Defendant Woods  arrived on the scene at approximately 9:59 p.m.  Defendant Woods directed Officers Peavy, Dennis, and Frederick Jones to help Gaines to his feet and escort him to the health care unit. At approximately 10:05 p.m. medical personnel examined Gaines and released him back to the segregation unit where he was held pending disciplinary action for violations of Rule #29 - assault on a person associated with the ADOC, Rule #31 - assault on another inmate, and Rule # 44 - threats.  (Doc. No. 31, Exhs. A-I, L-N.)

Defendants Mosley and Kenneth Jones state that the incident and investigative reports concerning the use of force on Gaines failed to show that the force used utilized by correctional officers on July 18, 2004 was unwarranted or excessive. Defendants Mosley and Kenneth Jones also state that all guards receive intense training prior to assuming their duties as correctional officers at the Easterling Correctional Facility. They further maintain that correctional officers receive additional yearly training as part of their employment requirements.  (Doc. No. 31, Exhs. J, K.)

4

## II.  STANDARD OF REVIEW

In order to survive Defendants' properly supported motion for summary judgment, Gaines is required to produce some evidence supporting his constitutional claims.  *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  He must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  A plaintiff's conclusory allegations do not provide adequate evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Indus. Inc.*, 814 F.2d 607 (11th Cir. 1987).  Where all the evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).  Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th

Cir. 1990).

### III. DISCUSSION

*A.  Absolute Immunity*

Gaines sues Defendants in their official capacities.  Defendants, however, are immune from monetary damages.  Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity."  *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities."  *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear that Defendants are state officials entitled to Eleventh Amendment immunity when sued in their official capacities.  Thus, Defendants are entitled to absolute immunity from the claims asserted by Gaines against them in their

official capacities.

*B.  Individual Capacity Claims*

    *i.  The Excessive Force Claim*

     Defendant Jones argues that he is entitled to qualified immunity on Gaines' excessive force claim.  The law of this Circuit, however,  precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation.  *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002), citing *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986).  A qualified immunity defense is, therefore, not available when a plaintiff properly pleads the use of excessive force.  *Id.*  Gaines has properly pled a claim of excessive force.  Thus, the only question in this case is whether he has alleged facts sufficient to survive a motion for summary judgment.  *Id.*  Accordingly, this court will consider whether Gaines' allegation that Defendant Frederick Jones used excessive force against him, which the court must take as true for purposes of summary judgment, sets forth a violation of his Eighth Amendment rights.

        Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."  *Whitley v. Albers,* 475 U.S. 312,

7

320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)); *see also Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996). From consideration of such factors, "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich*, 280 F.3d at 1300-1301.

In *Hudson*, the Court held that the use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injuries. *Id*. 503 U.S. at 9; *but see Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). An excessive force claim "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort 'repugnant to the conscience of mankind.'" *Hudson*, 503 U.S. at 9-10 (quoting *Whitley*, 475 U.S. at 327.) In *Hudson*, the Court did not define "*de minimis* use of force" but suggested that the degree of injury received is at least

8

relevant to determining whether more than *de minimis* force was used. *Id.* at 10.

Gaines contends that as Officer Jordan was escorting him to the health care unit, other correctional officers rushed at him. Gaines maintains that he walked towards the guards and proceeded to lay on the ground. While restrained, laying face down on the ground, and with the knees of correctional officers in his back, Gaines asserts that Defendant Jones began striking him with his fists. Officer Woods told Defendant Jones to quit hitting Gaines. Gaines alleges, however, that Officer Jones continued to hit him and be verbally abusive. As Officer Woods tried to pull Defendant Jones away from Gaines, the guard dug his fingers at Gaines' eyes and then grabbed him around his neck and started to choke him. Gaines contends that he almost passed out before Defendant Jones released him.[2] (Doc. Nos. 1, 11, 37, Plaintiff's Affidavit.)

Following the altercation with correctional officers, Gaines received a body chart at the health care unit at 10:05 p.m. complaining that correctional officers scratched and choked him. Medical personnel noted a scratch to the left side of Gaines' nose, his left shoulder, and left breast. Medical staff observed no acute distress and noticed no redness around Gaines' neck. Gaines denied any other injuries and he was released to DOC custody. Almost two

---

[2]It is clear from Gaines' narrative version of events that Defendant Woods did not stand idly by and watch Defendant Jones beat, hit, and/or scratch him. (*See* Doc. No. 1 at pgs. 8-9.) The court, therefore, discounts Gaines' conclusory assertion on page 3 of his complaint that Defendant Woods failed to intervene in the attack on him by Defendant Jones as Gaines' own description of events simply does not support this contention. (*See also* Doc. Nos. 11, 37.)

hours later, Gaines returned to the infirmary complaining that he had two lumps on his head, that he was dizzy, and that his head hurt. Medical personnel did not observe any acute distress.  Gaines' eyes were equal and reactive to light and his hand grips were strong. Medical staff noted two small raised areas on Gaines' temple but saw no signs or symptoms of dizziness at the time of the exam.  Gaines received Tylenol and was told to return to the infirmary if necessary.  Gaines complained again of  headaches on July 21 and 25, 2004. (Doc. No. 31, Exh. D, Doc. No. 43 - Plaintiff's Medical Records.)

It is questionable whether Gaines suffered anything more than minor injuries as a result of Officer Jones' alleged conduct, but the injuries he received are only one factor for consideration.  While the absence of serious injury is relevant to an Eighth Amendment inquiry, it does not end this inquiry.  *Hudson*, 503 U.S. at 7; *Skrtich*, 280 F.3d at 1304 n.8, citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986);  *Smith v. Mensinger*, 293 F.3d 641, 649 (3rd Cir. 2002) (considering the *de minimis* nature of injuries is an issue of fact to be resolved by the fact finder based on the totality of the evidence); *Brooks v. Kyler*, 204 F.3d 102, 103 (3rd Cir. 2000) (holding that there is "no fixed minimum quantity of injury that a prisoner must prove that he suffered" in order to state an excessive force claim).  The court must also consider the need for the application of force, the amount of force exerted, the threat reasonably perceived by the official and any efforts to temper the severity of the forceful response.  *Id.*

In the instant case, Gaines alleges that Defendant Jones struck him repeatedly with his fist, scratched at his eyes, and tried to choke him while he posed no threat, was restrained and lying face down on the ground, and had done nothing to provoke the use of force.  (Doc. No. 37, Plaintiff's Affidavit.)    Defendant Jones, however, denies Gaines' allegations regarding a use of force and maintains that the only physical contact he made with Gaines consisted of grasping one of his shoulders and placing him face down on the ground and, thereafter, helping him to his feet in order to escort him to the infirmary. (Doc. No. 31, Exh. N.)   When viewing the facts in the light most favorable to Gaines, this court concludes that Officer Jones is not entitled to qualified immunity as Gaines  alleges facts sufficient to survive a motion for summary judgment.  *See Skrtich*, 280 F.3d at 1301.  Consequently, the motion for summary judgment with respect to the excessive force claim against Defendant Frederick Jones should be denied.

*ii. Defendants Mosley, Kenneth Jones, and Woods*

It is undisputed that Warden Mosley, Assistant Warden Kenneth Jones, and Sgt. Woods were not involved in the use of force about which Gaines complains. (*See* Doc. Nos. 1, 11, 37.)   The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Jones v. Preuit & Mauldin*, 851 F.2d 1321 (11th Cir. 1988). Gaines has come forward with no evidence demonstrating existence of the requisite causal connection with

11

respect to his claim of excessive force against Defendants Mosley, Kenneth Jones, and Woods.

With regard to Gaines' allegation that Defendants Mosley, Kenneth Jones, and Woods are liable for the actions of a correctional officer due to their supervisory roles, Gaines' claims must likewise fail.  The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability.  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown v.* Crawford, 906 F.2d 667, 671 (11th Cir. 1990); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  In light of the foregoing, the court concludes that Defendants Mosley, Kenneth Jones, and Woods' motion for summary judgment with respect to Gaines' excessive force and *respondeat superior* claims  is due to be granted.

   *iii.  False Information*

Following the incident with Defendant Jones, Gaines was processed into the segregation unit pending disciplinary action for  violations of Rule #29 - assault on a person associated with the ADOC, Rule #31 - assault on another inmate, and Rule #44 - threats.  To the extent Gaines alleges that the basis for these rule violations and/or the information contained in the institutional incident reports with regard to the events of July 18, 2004 stemmed from false accusations made by Defendants in order to justify the use of force

against him, he is entitled to no relief.[3]  The evidentiary material before the court reflects that the information contained in the incident reports and the disciplinary action instituted against Gaines arose from his conduct and actions on July 18, 2004 and the gravity of his conduct and actions.  Defendants do not admit that the information contained in either the incident reports or the disciplinary reports is false.

While *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), establishes a constitutional claim for the knowing use of false information by prison officials, the instant case is controlled by *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982).  In *Slocum*, the Court held that prisoners do not state a due process claim by merely asserting that erroneous information may exist in their prison files.  Moreover, "prisoners cannot make a conclusory allegation regarding the use of [false] information as the basis of a due process claim."  *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001).  Gaines merely asserts that Defendants based incident reports and/or disciplinary action from the July 18, 2004 incident on false information.  This does not state a claim for relief and Defendants are, therefore, entitled to summary judgment.

## IV.  CONCLUSION

---

[3]Two of the disciplinary infractions initiated against Gaines were disapproved because the disciplinary hearings were not held within the time period prescribed by  DOC administrative regulations.  Defendant Mosley affirms that the disciplinary infractions were not dropped for any other reason.  (Doc. No. 31, Exh. J.)   Following a disciplinary hearing on the charge against Gaines for assault on another inmate, the hearing officer found Gaines guilty of the conduct charged and sanctioned him to 45 days disciplinary segregation to run concurrent with any other sanctions.  (*Id*. at  Exhs. H-K.)

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The motion for summary judgment filed on behalf of Defendants Gwendolyn Mosley, Kenneth Jones, and Phelix Woods  (Doc. No. 31), be GRANTED and the claims asserted against these Defendant be DISMISSED with prejudice;

2.   The motion for summary judgment filed on behalf of Defendant Frederick Jones with respect to Plaintiff's false information claim (Doc. No.31), be GRANTED and this claim asserted against Defendant Frederick Jones be DISMISSED with prejudice;

3.   The motion for summary judgment filed on behalf of Defendant Frederick Jones (Doc. No. 31) be GRANTED to the extent he has been sued in his official capacity;

4.   The motion for summary judgment filed on behalf of Defendant Frederick Jones with respect to  Plaintiff's  excessive force claim  (Doc. No. 31),  be DENIED to the extent this defendant  is sued in his individual capacity;

5.   Defendants  Gwendolyn  Mosley,  Kenneth  Jones,  and  Phelix  Woods  be DISMISSED as  parties to this cause of action; and

6.    Plaintiff's claim that Defendant Frederick Jones used excessive force against him be set for an evidentiary hearing.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 5, 2006**.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of June 2006.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE